United States District Court<br>Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLA LYNN LITTLE,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 23-cv-00793-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>Re: Dkt. No. 28 |

## I.    INTRODUCTION

Plaintiff Darla Lynn Little moves for attorney's fees and costs for her counsel, Olinsky Law Group, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. 28.  Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, has not filed a response. Having considered the motion, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiff's motion for the following reasons.

## II.    BACKGROUND

On February 22, 2023, Plaintiff filed this Social Security appeal after the Commissioner's denial of disability benefits.  ECF No. 1.  On September 14, 2023, the Court granted the parties' stipulation to remand for further proceedings pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four.  ECF No. 27.  Plaintiff now moves for attorney's fees totaling $7,996.62.

## III.    DISCUSSION

The EAJA mandates an award of attorney's fees and expenses if (1) a party prevails in a civil action and (2) the government's position in the action, including in the underlying administrative proceedings, is not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

**A.      Prevailing Party**

Under the EAJA, a party that obtains a reversal and remand in a social security benefits case is a prevailing party.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).  As the parties stipulated to remand this matter, there is no dispute that Plaintiff is a prevailing party under the EAJA.

**B.      Substantial Justification**

The burden of proof that the government's position was substantially justified rests on the government.  *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).  The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified to avoid an award of fees.  *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).  Thus, "[t]he government's position must be substantially justified at each stage of the proceedings."  *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)) (internal quotation marks omitted); *Jaureque v. Colvin*, 2013 WL 5645310, at *1 (N.D. Cal. Oct. 16, 2013) ("The court must examine whether the government was substantially justified in its original act and its decision to defend it in court.") (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).  A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified.'"  *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)).  "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'"  *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

Here, the stipulation and order reflects potential error, providing: "The Commissioner will direct the Administrative Law Judge to offer the Plaintiff a new hearing, reevaluate the opinion evidence consistent with 20 C.F.R. § 404.1520c, and give further consideration to the residual functional capacity finding consistent with the revaluation of evidence.  The ALJ shall take any

1   necessary action to complete the administrative record and the sequential evaluation, and issue a

2   new decision." ECF No. 26. Further, Defendant has made no showing that the government's

3   position was justified. Under these circumstances, the Court finds fees should be awarded. *See,*

4   *e.g., Mitford v. Kijakazi*, 2021 WL 6052006, at *2 (N.D. Cal. Dec. 21, 2021) (granting motion for

5   attorney's fees under the EAJA where the parties' stipulated to remand with an instruction for "the

6   ALJ to reevaluate the medical evidence and Plaintiff's subjective symptom testimony, offer

7   Plaintiff the opportunity to submit additional evidence, and take any further action needed to

8   complete the administrative record and issue a new decision."); *Reece v. Saul*, 2021 WL 2417423,

9   at *1 (E.D. Cal. June 14, 2021) (finding government's position was not substantially justified and

10  awarding fees under the EAJA where parties stipulated to remand for ALJ to reevaluate medical

11  evidence and take additional evidence, among other reasons).

12  **C.     Reasonable Attorney's Fees**

13         Under the EAJA, Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A).

14  Determining whether the expenditure of time litigating a Social Security case was reasonable "will

15  always depend on case-specific factors including, among others, the complexity of the legal issues,

16  the procedural history, the size of the record, and when counsel was retained"; courts cannot apply

17  de facto caps limiting the hours attorneys can reasonably expend. *Costa v. Comm'r of Soc. Sec.*

18  *Admin.*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012). The fee applicant bears the burden of proving

19  they are reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S.424, 437 (1983)

20  ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting

21  the appropriate hours expended and hourly rates.").

22         "When the district court makes its award, it must explain how it came up with the

23  amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Where the

24  difference between the lawyer's request and the court's award is relatively small, a somewhat

25  cursory explanation will suffice. But where the disparity is larger, a more specific articulation of

26  the court's reasoning is expected." *Id.*; *see also Costa*, 690 F.3d at 1136 (citing *Moreno* and

27  noting that a district court can impose a reduction of up to 10 percent based purely on the exercise

28  of its discretion and without more specific explanation, but where the number of hours is reduced

*United States District Court*
*Northern District of California*

3

by 20 to 25 percent, a court is required to provide more specific explanation).

      **1.**      **Reasonable Fee**

      Plaintiff seeks an hourly rate of $242.78 for attorneys Stuart T. Barasch, Howard D. Olinsky, Melissa DelGuercio, Lori Tilley-Beeler, and April Carr. Barasch Decl. ¶¶ 6, 8 & Exs. A-B, ECF No. 28-1, 28-2 and 28-3. Plaintiff also seeks $125/hour for paralegal work. *Id.* ¶ 7 & Exs. A, C.

      Under the EAJA, attorney's fees are set at a market rate capped at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). However, a higher fee may be awarded if "the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Thangaraja*, 428 F.3d at 876 (awarding higher fee based on cost of living). The EAJA statutory maximum hourly rate in the Ninth Circuit, adjusted for increases in the cost of living, was $242.78 in 2023. *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (Ninth Circuit Statutory Maximum Rates under the EAJA) (citing 28 U.S.C. § 2412(d)(2)(A)). Based on the Ninth Circuit's rates as adjusted for cost of living, the hourly rate of $242.78 appears reasonable. Further, Defendant does not dispute the requested rate. Accordingly, the Court finds this hourly is reasonable.

      Paralegal services are also compensable under the EAJA. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 576 (2008) ("[W]e think EAJA . . . must be interpreted as using the term 'attorney . . . fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor."); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees). The Court finds $125/hr. is a reasonable rate. *See McDade v. Saul*, 2019 WL 6251229, at *7 (N.D. Cal. Nov. 22, 2019) (finding $130 per hour for paralegal work reasonable under the EAJA); *Kee v. Berryhill*, 2018 WL 4566906, at *1 (N.D. Cal. Sept. 21, 2018) (same).

      **2.**      **Reasonable Hours**

      Plaintiff seeks compensation for 29.9 hours of attorney time and 5.9 hours of paralegal time. In support of her motion, Plaintiff provided a declaration from Mr. Barasch, which includes an invoice of Olinsky Law Group's time and expenses in this case. ECF No. 28-1 and 28-2. The

*United States District Court*
*Northern District of California*

4

United States District Court
Northern District of California

1  invoice reflects work performed between January 26 and December 12, 2023.  Having reviewed

2  Plaintiff's motion and supporting documentation, the Court finds this request is reasonable.  The

3  Court notes that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the

4  hope of inflating their fees' because 'the payoff is too uncertain.' [ ] As a result, courts should

5  generally defer to the 'winning lawyer's professional judgment as to how much time he was

6  required to spend on the case.'"  *Costa*, 690 F.3d at 1136 (quoting *Moreno*, 534 F.3d at 1112-13).

7  Further, counsels' billing records reflect that they are not requesting reimbursement for many

8  entries, including time spent on clerical matters that are not recoverable, which shows that counsel

9  exercised billing judgment.  Finally, Defendant has not shown any specific instances in which the

10  requested fees are unreasonable.

11         Accordingly, the Court concludes that Plaintiff's fees request is reasonable.

12  **D.     The Fee Award Should be Paid to Counsel**

13         In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court considered this provision of

14  the EAJA and whether it makes a fee payable to the prevailing party or the attorney.  The Supreme

15  Court noted the absence of language in the EAJA explicitly directing fees to attorneys and

16  compared EAJA with a provision in the Social Security Act making fee awards payable "to such

17  attorney."  *Id.* at 595 (citing 42 U.S.C. § 406(b)(1)(A)).  In so doing, the Court concluded that

18  "given the stark contrast between the SSA's express authorization of direct payments to attorneys"

19  and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee

20  requirement absent clear textual evidence supporting such an interpretation."  *Id.*  Nevertheless,

21  courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly

22  to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the

23  government.  *See Potter v. Colvin*, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015) (collecting

24  cases).  As Plaintiff assigned her EAJA fees to Olinsky Law Group (*see* Barasch Decl., Ex. D,

25  ECF No. 28-5), the award shall be paid directly to Olinsky Law Group, subject to any debt offset.

26                              **IV.   CONCLUSION**

27         For the reasons stated above, the Court **GRANTS** Plaintiff's motion for an award of

28  $7,996.62 in attorneys' fees under the EAJA.  Pursuant to Plaintiff's request, the award shall be

5

paid directly to Olinsky Law Group.

**IT IS SO ORDERED.**

Dated: December 28, 2023

THOMAS S. HIXSON
United States Magistrate Judge